In the Matter of the Estate of Isaac Creighton,
Deceased.
Mary C. Creighton, Appellee, v. Robert F. Creighton et
al., Executors, Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon.
E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the
October term, 1915. Affirmed. Opinion filed April 21, 1916. Re-
hearing denied June 30, 1916.

### Statement of the Case.

Petition by Mary C. Creighton, petitioner, against
Robert F. Creighton and others, executors of the es-
tate of Isaac Creighton, deceased, respondents, to have
a widow's award, as provided by the statute, set apart.
From an order in favor of the petitioner, the respond-
ents appealed to the Circuit Court where a trial was
had *de novo*. From a like order entered therein, the
respondents appeal.

DWYER & DWYER, for appellants.

ACTON & ACTON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the
court.

### Abstract of the Decision.

1.  COURTS, § 105*—*when Probate Court has jurisdiction*. The
Probate Courts of this State have jurisdiction to determine whether
a petitioner is entitled to a widow's award, even where, in deter-
mining that question, it is necessary to exercise equitable power.

2.  EXECUTORS AND ADMINISTRATORS, § 13*—*when trial de novo on
appeal*. A hearing in the Circuit Court on appeal from the Probate
Court is *de novo*.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

3. EXECUTORS AND ADMINISTRATORS, § 180*—*when release by widow of right to award is void.* Evidence introduced on a hearing of a widow's petition to have her statutory award set apart, *held* to show that a release by her of her right thereto was obtained by fraud and misrepresentation, and was void.